IN THE MATTER OF THE APPLICATION OF FRANK N. HOOPII FOR A WRIT OF MANDAMUS DIRECTED TO KARL A. SINCLAIR, CHIEF ENGINEER OF THE CITY AND COUNTY OF HONOLULU, DEPARTMENT OF PUBLIC WORKS, AND LLEWELLYN H. L. HART, SUPERINTENDENT OF THE DIVISION OF REFUSE COLLECTION AND DISPOSAL.

NO. 2945.

ARGUED NOVEMBER 12, 1953.                    DECIDED MARCH 1, 1954.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

Petitioner-appellant herein was a former civil service employee of the department of public works, division of refuse collection and disposal of the City and County of Honolulu, Territory of Hawaii, working as a truck driver. In November, 1949, petitioner, after his regular working hours of employment for the City and County of Honolulu, engaged in the collection of refuse from various places in the city. Petitioner did not secure a permit for the collection of refuse as required by the provisions of ordinance number 728 of the City and County of Honolulu. On December 3, 1949, petitioner was suspended from his position as a motorized equipment operator CC8 to hopperman CC6, effective December 1, 1949; the reason assigned for such suspension and demotion was that petitioner engaged in said business of refuse collection without the permit required by ordinance number 728.

Thereafter, petitioner continued to engage in the col-

lection of refuse but as an employee of one Richard Silva Duarte. Richard Duarte had on February 6, 1950, duly applied, as required by the ordinance, for a permit to remove refuse and rubbish from certain buildings. His application was denied by Llewellyn H. L. Hart, superintendent of the refuse collection and disposal department, on the ground that the facilities of the City and County department were sufficient to give such service to such places of business and the public interest did not require the granting of such permit. Petitioner was informed of the fact that Mr. Duarte's application for a permit had been denied, but continued as his employee and in the collection of rubbish after his regular hours, in contravention of the order of Mr. Hart, superintendent of the department of refuse collection and disposal. On February 14, 1950, petitioner was suspended without pay by the respondent, Karl A. Sinclair, chief engineer of the department of public works, from February 15 to February 28, 1950, and was on the latter date dismissed from the service. In the letter ordering such suspension and dismissal petitioner's action in continuing to collect refuse after warning was assigned as an act of insubordination and the dismissal was made "for the best interests of the City and County of Honolulu."

On March 2, 1950, petitioner filed an appeal to the civil service commission of the City and County of Honolulu from such suspension and dismissal, pursuant to section 69 (c) of chapter II of the Revised Laws of Hawaii 1945. A hearing was had on this appeal by the civil service commission of the City and County of Honolulu on March 30, 1950, and the decision of the civil service commission upheld the suspension and dismissal of petitioner.

Thereafter, on June 19, 1950, petitioner filed a petition for an alternative writ of mandamus to compel his reinstatement in his former position as a regular and per-

manent civil service employee as of February 14, 1950, the date of his dismissal. An alternative writ of mandamus was issued upon the petition so filed. Respondent filed a motion to quash the said alternative writ and upon the denial of the motion filed an answer thereto.

The petitioner, after alleging what has been heretofore set forth in substance, stated that it appeared at the said hearing of the civil service commission on March 30, 1950, that the sole reason for the discharge of petitioner was that he had engaged in the business of collecting garbage and other refuse from various places in the City and County of Honolulu as an employee of Richard Silva Duarte without having first applied for and having been granted a permit to do so in accordance with the requirements of subsection 1 of paragraph G of ordinance number 728 of the City and County of Honolulu; that the said Richard Silva Duarte, the employer of petitioner, had applied for a permit to the department of public works to remove rubbish, garbage and swill, and that said application complied in all respects with the requirements of the law for a permit to remove rubbish, garbage and swill, but that said permit had been denied for the sole reason that it would place Richard Silva Duarte in competition with the City and County of Honolulu and cause a loss of revenue to the City and County. It was further alleged that a large number of firms and individuals were and had been for a considerable time past engaged in the collection of garbage without having secured such a permit, and there were set forth the names of a number of firms so engaged; that the department of public works, division of refuse collection and disposal, had no rules and regulations governing outside employment by employees of the division outside of working hours.

It was further alleged that ordinance number 728 of the City and County of Honolulu was and is unconsti-

tutional in that it is in violation of the due-process clause of the Fifth Amendment to the Constitution of the United States in that it contains no reasonable classification and is an arbitrary and unreasonable delegation of power by the board of supervisors of the City and County of Honolulu to the department of public works.

That one Paul Courtney and one James Pai, who were engaged in the business of collecting and removing garbage under the name of Coral Express Company, had secured from the judge of the first circuit court a restraining order against them, being equity number 5214 in the first judicial circuit. That said Richard Silva Duarte was prosecuted in the district court of Honolulu on the charge of collecting garbage without a permit under said ordinance; that said Richard Silva Duarte was discharged by the judge of the district court of Honolulu and said discharge is conclusive on respondents, that petitioner was guilty of no violation of law.

That, acting under color of said unconstitutional ordinance, the respondent purported to deprive petitioner of his lawful status as a regular and permanent civil service employee of the City and County of Honolulu, division of refuse collection and disposal, and deprived him of his wages and opportunity to work, and unlawfully deprived him of benefits and other rights under the law.

The material part of the answer of respondents denies that the sole reason for the discharge of the petitioner was that he engaged in the business of collecting garbage and other refuse from various places in the City and County as an employee of Richard Silva Duarte without first applying for and being granted a permit to do so, in accordance with paragraph G of ordinance number 728 of the City and County of Honolulu, but alleges

"that the petitioner was in fact, discharged and dismissed for the good of the service for insubordination, for his failure to obey the orders of the respondent Llewellyn H. L. Hart, Superintendent of the Division of Refuse Collection and Disposal."

The trial judge denied the prayer of the petitioner-appellant and dismissed the alternative writ of mandamus. In the decision the judge quoted the pertinent portions of the statute governing the dismissal, suspension and rights of appeal of civil service employees. Section 69, Revised Laws of Hawaii, provides that the appointing authority may dismiss or demote any regular employee when he considers the good of the service will be served thereby. The statute further provides that the employer shall give the employee ten days written notice setting forth reasons upon which the dismissal or demotion is based and also giving the employee an opportunity to file a written statement regarding the proposed dismissal or demotion. It further provides that the dismissed or demoted employee shall have the right of appeal to the civil service commission within twenty days after such action is taken; that upon such appeal both the employee and the appointing authority shall have a right to be heard publicly and to present evidence, and "If the commission finds that the action appealed from was taken by the appointing authority for any political, religious or racial reason, the employee shall be reinstated to his position without loss of pay." *In all other cases, the recommendation of the commission shall be submitted to the appointing authority who shall make the final decision disposing of the appeal, "which decision shall not be reviewable by any court."* (Emphasis added.)

It is and was not contended by the petitioner that he was not furnished with the notice of dismissal as required by the statute, or that the civil service commission denied

him a public hearing, but appellant contends that appellees have no authority to dismiss appellant for asserted violation of an invalid ordinance and their action in so doing is unlawful and arbitrary, willful and capricious.

The territorial statute wisely delegates to the appointing authority a wide and final discretion in the matter of demotion or dismissal of employees. The only specific limit placed upon such authority by the statute is that a regular civil service employee may not be dropped or dismissed from his position on "racial, religious or political grounds."

It is elementary that mandamus will not lie to control the discretion vested in a public officer in the matters committed to his care in the ordinary discharge of his duties. "The interference of the courts with the performance of the ordinary duties of the executive departments of the government would be productive of nothing but mischief; and we are quite satisfied that such a power was never intended to be given to them." (*Keim* v. *United States,* 177 U. S. 290, 293.) The courts will only interfere in cases where there has been such an abuse of discretion as to amount to a failure to exercise discretion. (34 Am. Jur., Mandamus, §§ 68, 69, pp. 856-859, and authorities cited therein.)

As stated by the trial judge, "A careful review of the evidence does not establish to the satisfaction of this Court that the respondent, Karl A. Sinclair, the appointing authority, acted so capriciously and arbitrarily as to amount to an abuse of the wide discretion vested in him by statute. Petitioner had been warned and directed not to proceed with the collection of refuse without a permit so to do, as provided in said Ordinance No. 728, and had been suspended, before his final dismissal, for persisting in such activity. * * * He [petitioner] was not at liberty, after the refusal of a permit to so col-

lect refuse, to continue so to do in defiance of the orders of his superior officer and not render himself liable to charge of insubordination. Even if * * * the interpretation by his superior officer * * * was erroneous and based upon a desire to retain or secure the privilege of such collection solely for the City and County, by the terms of his employment he was obliged to abide by the orders given by his superior in the department."

We cannot say that as a matter of law the head of a department may not legally forbid an employee from soliciting and collecting garbage after hours in conflict with the business of the City and County garbage department. Such work may well be considered incompatible with the employee's duties and obligations to the City and County of Honolulu. We agree with the judge below that the judgment of the court will not be substituted for that of a public officer who has acted in good faith. "But where there is discretion * * * even though its conclusion be disputable, it is impregnable to mandamus." (*Alaska Smokeless Coal Co.* v. *Lane,* 250 U.S. 549, 63 L. Ed. 1135.)

"The exercise of a discretion, though erroneously, if not corruptly exercised, cannot be reviewed in a petition for a *mandamus;* * * *" (*Manger* v. *Board of State Medical Examiners,* 90 Md. 659, 671, 45 A. 891, 894, cited in *Parr* v. *Severson,* 182 Atl. 595, 596, and as quoted in the opinion of the court below at page 8.)

Decision and judgment sustained.

*H. Bouslog* (*Bouslog & Symonds* and *N. Yoshinaga* on the briefs) for petitioner-appellant.

*N. Felzer,* Deputy City and County Attorney (*J. M. Morita,* City and County Attorney, with him on the brief), for respondents-appellees.